IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | | |
|---|---|---|
| MARTHA ADRIEN, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO._____ |
| | ) | |
| SEARS, ROEBUCK AND COMPANY, A CORPORATION, | ) ) | |
| Defendant. | ) | |
| _____ | ) | |

COMPLAINT
AND DEMAND FOR JURY TRIAL

Martha Adrien, Plaintiff herein, files this Complaint against Sears, Roebuck and Company, Defendant herein, and alleges:

PARTIES

1. Plaintiff Martha Adrien, an individual, resides in Orange County, Florida.

2. Defendant, Sears, Roebuck and Company, a Foreign Corporation, has a principal place of business at 3333 Beverly Road, Hoffman Estates in Cook County, Illinois. Plaintiff was hired by the Defendant as a Sales Associate in the Home Appliances Department in their store located at 8001 South Orange Blossom Trail, Orlando, Florida 32809.

## JURISDICTION

3.      The action arises under 42 U.S.C. Section 2000e-2(a) et. seq. as hereinafter more fully appears.

4.      This Court has supplemental jurisdiction over state law claims discussed below under 28 U.S.C. Section 1367(a) because they arise out of the same case or controversy.

## NATURE OF ACTION

5.      This is an action under Title 42 U.S.C. Section 2000e-2(a) et. seq. as amended by the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race, color and national origin.

## CONDITIONS PRECEDENT

6.      All conditions precedent to jurisdiction have occurred or been complied with:  a charge of discrimination was filed with the Equal Employment Opportunity Commission within three hundred days of the acts complained of herein and Plaintiff's Complaint is filed within ninety days of Plaintiff's receipt of the Equal Employment Opportunity Commission's issuance of a right to sue letter.

## FACTS

7.      Martha Adrien is a Haitian American woman, whom identifies as Black.

8.      Ms. Adrien was hired by Sears, Roebuck, and Company on February 2, 2016 as a Sales Associate.

9.      Ms. Adrien is only one of two females in the Home Appliances

Department and the sole person whom identifies as Black and/or is of Haitian American in the department.

10. On or about June 26, 2018, Ms. Adrien, whose employment was commissioned based, discovered a previous sale she had completed was re-processed by a white male associate outside of her presence.

11. On or about June 29, 2018, Ms. Adrien complained to management regarding the practice and the loss of her potential commission by her former co-worker's practice.

12. Despite the apparent violation of the company's policy regarding such transactions, the while male co-worker suffered no reprimand and Ms. Adrien was deprived of her commission.

13. On or about July 6, 2018, Ms. Adrien further corresponded to management/human resources regarding the disparate treatment and unfair practice.

14. After initiating her first complaint, Ms. Adrien subsequently became a target to more disparate treatment and retaliatory practices.

15. Shortly after voicing her concerns, Ms. Adrien's work schedule was altered without her knowledge and she was subject to reprimand for failure to report to work pursuant to the adjusted shift.

16. Furthermore, Ms. Adrien's co-workers commented and confronted her regarding her complaints to management and human resources despite her understanding that her concerns would remain confidential.

17. On or about July 8, 2018, two male managers approached Ms. Adrien regarding the scheduling miscommunication and attempted to physically remove Ms. Adrien from the premises. When Ms. Adrien inquired to the nature of the attempted removal and if she would receive a suspension as a result of the apparent error, the male managers aborted the attempt and provided Ms. Adrien with additional dates on her schedule to work.

18. The actions of management were for the sole purpose of embarrassing and humiliating Ms. Adrien and were unnecessarily augmented compared to the alleged grievance by the company.

19. On or about July 15, 2018, Ms. Adrien was given a verbal warning regarding the length of her lunch break by management, despite relaxed standards regarding lunch time keeping in comparison to her White and Hispanic counterparts.

20. Immediately after this incident, Ms. Adrien experienced several shift and schedule changes with minimal notification. Prior to her complaint, Adrien had never encountered so many changes and with such little notice within the two years of employment with the company.

21. The harassing and retaliatory behavior intensified when Ms. Adrien was reprimanded and threatened with a formal write up after requesting assistance with a transaction by a white male supervisor.

22. Ms. Adrien requested documentation of the formal reprimand and was advised to "look it up online." When she attempted to search the database for such

reprimand the white male supervisor, stood over Adrien while she used her confidential password in an attempt to retrieve the documentation.

23. Ms. Adrien was frightened by the behavior and experienced increased anxiety and trauma as a result of the treatment, especially because the alleged infractions lodged against her were practically ignored by management regarding her White and Hispanic colleagues.

24. As a result of the persistent and escalated treatment, Ms. Adrien contacted the United States Equal Employment Opportunity Commission and filed a formal charge of discrimination on September 24, 2018.

25. On or about May 3, 2019, Ms. Adrien submitted an amended complaint to update the commission of her subsequent termination by the company on October 18, 2018.

26. Ms. Adrien was not provided a formal reason for her termination, however, as expressed her initial charge against the company, the escalated disciplinary actions were retaliatory and implemented to guise the disparate and intentional treatment Ms. Adrien suffered as a Haitian American woman working in a male dominated department that had no other Black employees.

27. As a direct and proximate result of the actions by Defendant, Plaintiff suffered embarrassment and humiliation, mental distress, and loss of earning capacity and wages.

**COUNT 1**

## RACE, COLOR AND NATIONAL ORIGIN DISCRIMINATION

28. Plaintiff adopts by reference, as if set out fully and completely in this Count, the following statements of this Complaint: Paragraphs 1 through 27.

29. Defendant, Sears, Roebuck and Company, intentionally engaged in unlawful employment practices involving Plaintiff because of her race, color and national origin.

30. Defendant, Sears, Roebuck and Company, discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment or limited, segregated or classified Plaintiff in a manner that would deprive or tend to deprive her of any employment opportunity or adversely affect her status because of Plaintiff's race, color and national origin in violation of 42 U.S.C. Section 2000e-2(a).

31. Defendant, Sears, Roebuck and Company, classified Plaintiff in a manner that deprived her of an equal employment opportunity that was provided to other non-Black employees similarly situated in violation of 42 U.S.C. Section 2000e-2(a).

32. The unlawful employment practices of Defendant, Sears, Roebuck and Company, specifically the routine discipline of employees of non-White or Hispanic origin for tardiness, using electronic devices on the sales floor, and other similar conduct, had a disparate and adverse impact on Plaintiff because of her race, color and national origin. Such employment practices were not job-related and were not consistent with business necessity.

## COUNT 2

**RETALIATION BY SEARS, ROEBUCK AND COMPANY**

33. Plaintiff adopts by reference, as if set out fully and completely in this Count, the following statements of this Complaint: Paragraphs 1 through 27.

34. Plaintiff alleges that Sears, Roebuck and Company, instituted a campaign of retaliation which included informing co-workers confront her regarding the complaint she made in confidentiality to management, reprimanding Ms. Adrien regarding her ability to complete sales transactions and commissions, and her demeanor on the sales floor, all of which could be used against her for termination. This retaliation was and is due to Plaintiff exercising Plaintiff's rights by opposing a discriminatory practice and making a charge. Plaintiff suffered damages for which Plaintiff herein sues.

**COUNT 3**
**LOSS OF EARNING CAPACITY**

35. Plaintiff adopts by reference, as if set out fully and completely in this Count, the following statements of this Complaint: Paragraphs 1 through 27.

36. Defendant made false and defamatory statements and used those statements to significantly reduce Ms. Adrien's work hours until her subsequent and wrongful termination thereafter.

**COUNT 4**
**SPECIFIC RELIEF**

37. Plaintiff adopts by reference, as if set out fully and completely in this Count, the following statements of this Complaint: Paragraphs 1 through 27.

38. Plaintiff seeks the following specific relief which arises out of the actions

and/or omissions of Defendant described hereinabove:

    a.    Prohibit by injunction the Defendant from engaging in unlawful employment practices; and

    d.    Compensate Plaintiff for the front pay and benefits in which Plaintiff would be entitled but for the unlawful employment actions of Defendant.

## DEMAND FOR ATTORNEY'S FEES

Plaintiff has employed Rasheed Karim Allen for representation in this action, and has agreed to pay a reasonable attorney fee to Rasheed Karim Allen.

Plaintiff is entitled to recover reasonable attorney's fees incurred in connection with this action pursuant to, inter alia, Section 760.11 of the Florida Statutes.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial of this action by jury.

## DEMAND FOR JUDGMENT

**WHEREFORE**, Plaintiff demands a jury trial of this action, and further demands judgment against Defendant for general damages, specific relief, special damages, attorney's fees, and for such other and further relief, in law or in equity, to which Plaintiff may be justly entitled.

## CERTIFICATE OF SERVICE

I hereby certify that on October 22, 2019, a copy of the foregoing document was hand delivered to the persons listed below.

Sears, Roebuck and Company
℅ CT CORPORATION SYSTEM
1200 S. PINE ISLAND ROAD
Plantation, Florida 33324

        Respectfully submitted,

        ALLEN & DAWSON, PLLC.
        189 S. Orange Avenue, Suite 1530-B
        Orlando, Florida 32801
        Telephone: (407) 986-2092
        E-Mail: rasheed@allen-dawson.com
        Secondary E-Mail: shonta@allen-dawson.com

        /s/ Rasheed Karim Allen
        Rasheed Karim Allen
        Attorney for Plaintiff
        Florida Bar Number: 88525