# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| MARTHA ADRIEN, ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO. 6:19-cv-002068-ACC-GJK |
| ) | |
| SEARS, ROEBUCK AND COMPANY, ) A CORPORATION, ) | |
|     Defendant. ) | |
| ) | |

## MOTION FOR DEFAULT JUDGMENT
### With Incorporated Memorandum of Law

Plaintiff, Martha Adrien, pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, moves this Court for entry of a default judgment against Defendant, and would show:

### Procedural History

Plaintiff filed the above titled action against Defendant on October 28, 2019 for Race, Color and National Origin Discrimination and Retaliation. Plaintiff's requested relief included damages and attorney fees under 42 U.S.C Section 2000e-2. Service was made by summons, in accordance with Rule 4(c) of the Federal Rules of Civil Procedure, by serving Defendant. No extension of time was sought by the Defendant and Defendant has failed to file a response or responsive pleading in this action. Defendant has not appeared personally or by a representative. A default was entered against Defendant on July 21, 2020 (Doc. No. 26).

**Facts**

As detailed in the Complaint, Martha Adrien is a Haitian American woman, whom identifies as Black. Ms. Adrien was hired by Sears, Roebuck, and Company on February 2, 2016 as a Sales Associate and she was terminated on October 18, 2018.

Ms. Adrien was only one of two females in the Home Appliances Department and the sole person whom identifies as Black and/or is of Haitian American in the department. On or about June 26, 2018, Ms. Adrien, whose employment was commissioned based, discovered a previous sale she had completed was re-processed by a white male associate outside of her presence. On or about June 29, 2018, Ms. Adrien complained to management regarding the practice and the loss of her potential commission by her former co-worker's practice.

Despite the apparent violation of the company's policy regarding such transactions, the while male co-worker suffered no reprimand and Ms. Adrien was deprived of her commission. On or about July 6, 2018, Ms. Adrien further corresponded to management/human resources regarding the disparate treatment and unfair practices. After initiating her first complaint, Ms. Adrien subsequently became a target to more disparate treatment and retaliatory practices. Shortly after voicing her concerns, Ms. Adrien's work schedule was altered without her knowledge and she was subject to reprimand for failure to report to work pursuant to the adjusted shift.

As a result of the persistent and escalated treatment, Ms. Adrien contacted the United States Equal Employment Opportunity Commission and filed a formal charge of discrimination on September 24, 2018. On or about May 3, 2019, Ms. Adrien submitted an amended complaint to update the commission of her subsequent termination by the company on October 18, 2018. As a

direct and proximate result of the actions by Defendant, Plaintiff suffered embarrassment and humiliation, mental distress, and loss of earning capacity and wages.

### Argument

Title VII provides that it is unlawful for an employer to discriminate against an employee because of the employee's race. See 42 U.S.C. § 2000e–2(a)(1); see also 42 U.S.C. § 2000e–2(m) (prohibiting employers from using race as a "motivating factor" in formulating employment practices). To state a race-discrimination claim under Title VII, a complaint need only "provide enough factual matter (taken as true) to suggest intentional race discrimination." *Davis v. Coca–Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir.2008) (quotation marks omitted) (citing Twombly, 550 U.S. at 555, 127 S.Ct. at 1965). The complaint "need not allege facts sufficient to make out a classic McDonnell Douglas prima facie case." Id. (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511, 122 S.Ct. 992, 997, 152 L.Ed.2d 1 (2002)). This is because McDonnell Douglas's burden-shifting framework is an evidentiary standard, not a pleading requirement. *Swierkiewicz*, 534 U.S. at 510, 122 S.Ct. at 997. Accordingly, a court may properly enter default judgment on a claim of racial discrimination when the well-pleaded factual allegations of a complaint plausibly suggest that the plaintiff suffered an adverse employment action due to intentional racial discrimination. *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245–46 (11th Cir. 2015).

Plaintiff's Complaint includes well-pleaded factual allegations to suggest the Plaintiff suffered an adverse employment action due to intentional racial discrimination beginning in June of 2018 which led to her exercising her rights to file a charge of discrimination on September 2018. In retaliation for her complaints, Defendant escalated the discriminatory treatment and ultimately

terminated her employment in October of 2018. Plaintiff's Complaint requests attorney fees, wages under 42 U.S.C Section 2000e-2 although the Complaint does not include a calculation of her damages.

This Court may properly enter a default judgment on Plaintiff's claims under Title VII of the Civil Rights Act for racial discrimination, retaliation and attorney fees. Plaintiff has attached her Charge of Discrimination in support of this motion which was submitted to the Florida Commission on Human Relations and EEOC, signed and sworn by Plaintiff Martha Adrien. Pursuant to Rule 55(b)(2), Plaintiff requests an opportunity to submit further affidavits on the issue of damages, the allegations in the complaint or a hearing if required by the Court.

WHEREFORE, Plaintiff hereby moves this Court for a default judgment on the Complaint and request an opportunity to submit further affidavits on the issue of damages, the allegations in the complaint or a hearing if required by the Court.

## CERTIFICATE OF SERVICE

I certify that a copy of this document was filed via the ECF system on September 25, 2020.

> ALLEN & DAWSON, PLLC.
> 220 Lookout Place, Suite 200
> Maitland, Florida 32751
> Telephone: (407) 986-2092
> E-Mail: rasheed@allen-dawson.com
>
> /s/ Rasheed Karim Allen
> Rasheed Karim Allen
> Attorney for Plaintiff
> Florida Bar Number: 88525