**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MARTHA ADRIEN,**

      **Plaintiff,**

**v.**                                                      Case No:   **6:19-cv-2068-ACC-GJK**

**SEARS, ROEBUCK AND**
**COMPANY,**

      **Defendant.**

---

**ORDER**

This cause came on for consideration without oral argument on the following motion:

> **MOTION:**  **MOTION FOR DEFAULT JUDGMENT (Doc. No. 30)**
>
> **FILED:**      **September 25, 2020**
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

On October 28, 2019, Plaintiff Martha Adrien filed a complaint (the "Complaint") against her former employer Defendant Sears, Roebuck and Company, alleging that she was discriminated against based on her race, color and national origin and that Defendant retaliated against her because she complained about the discrimination, in violation of the Civil Rights Act of 1991, 42 U.S.C. §

2000e-2(a), *et seq.* Doc. No. 1. On February 18, 2020, the Court entered an Order to Show Cause to Plaintiff why the case should not be dismissed for failure to prosecute by not returning the service forms. Doc. No. 14. On April 21, 2020, the Court dismissed Plaintiff's claim without prejudice for failure to prosecute. Doc. No. 19. On May 4, 2020, Plaintiff moved to reopen the case, arguing that her counsel was attempting to confirm Defendant's status in bankruptcy court and whether a stay of this case was required. Doc. No. 20 at ¶ 31. On June 15, 2020, the Court reopened the case and ordered Plaintiff to either file for entry of default against Defendant or a suggestion of bankruptcy, whichever was appropriate. Doc. No. 21. On June 24, 2020, Plaintiff filed a motion for entry of a clerk's default, Doc. No. 22, which was denied on July 1, 2020, for defects in the service of process. Doc. No. 23.

On July 20, 2020, Plaintiff filed a return of service showing Defendant was served on March 4, 2020. Doc. No. 24. On July 21, 2020, the Clerk entered a default against Defendant. Doc. No. 26. On August 26, 2020, the Court dismissed the case without prejudice because Plaintiff failed to timely file a new motion for default. Doc. No. 27. On August 27, 2020, Plaintiff filed a motion for relief from the order of dismissal, arguing that her counsel needed more time to research whether a motion for relief from the automatic bankruptcy stay was necessary and how the New York bankruptcy affects the default judgment. Doc. No. 28. Plaintiff asked

for additional time to continue researching, "and if required, move for relief from the automatic stay." *Id.* at ¶ 38. On August 31, 2020, the Court granted the motion and directed Plaintiff to file a motion for default judgment or suggestion of bankruptcy by September 28, 2020. Doc. No. 29 at 2. On September 25th, Plaintiff filed a motion for default judgment (the "Motion"). Doc. No. 30.

Despite Defendant's bankruptcy being raised as an issue as early as May 4, 2020, Doc. No. 20, the Motion does not address it. Defendant's bankruptcy status and its effect on this litigation, and the relief requested in the Motion, is unclear, and the Motion cannot be granted.

Accordingly, it is **ORDERED** that the Motion (Doc. No. 30) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida, on February 10, 2021.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party